■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK M. ANDERSON, Appellant. — Appeal, by permission, from an order of the County Court of Albany County (Clyne, J.), entered June 28, 1983, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the sixth degree. ¶ With the assistance and advice of counsel, defendant pleaded guilty to a single-count indictment charging him with knowingly and unlawfully selling the controlled substance phenobarbital, in violation of section 220.31 of the Penal Law.[*] He was sentenced to an indeterminate term of imprisonment having a maximum of five years, and he never perfected his appeal from the judgment of conviction. Instead, he moved pursuant to CPL 440.10 to vacate the judgment, alleging that the substance he sold was not a controlled substance. County Court denied the motion and we affirm that decision. ¶ Although we agree with defendant that dismissal of his motion is not required by CPL 440.10 (subd 2, par [c]) since the State Police lab report upon which he relies was not a part of the record of the plea proceedings, we conclude that defendant has not raised a ground for vacating the judgment under CPL 440.10 (subd 1). The essence of defendant's claim is that while the State Police lab report indicates that the substance sold by defendant contained phenobarbital, the report's finding of two additional drugs present in the substance, together with the physical description of the substance, establishes that the substance was a compound known by the name brand Amodrine, which has been excepted from the definition of a controlled substance (see Public Health Law, § 3307, subd 3; 10 NYCRR 80.3 [a] [1]). Defendant arrives at this conclusion not on the basis of the lab report alone, but, rather, by comparison of the report's analysis with the definition of Amodrine in the Physician's Desk Reference Book. At best, defendant has raised a factual issue as to whether the substance he sold, while containing phenobarbital, was a compound specifically excepted from the definition of a controlled substance. This issue could have been explored and resolved at trial, but defendant instead opted to plead guilty. "By pleading, defendant has elected a trial strategy. He has determined, for whatever reason, that he will not litigate the question of guilt. Having made that bargain he necessarily surrenders certain rights including the right to challenge the factual basis for the plea" (*People v Pelchat,* 62 NY2d 97, 108 [citations omitted]). He does not, however, waive all defects, and included among those matters not waived is the right to challenge a guilty plea to an accusatory instrument which is void because of the prosecutor's knowledge that the only evidence supporting it is false (*id.*). ¶ Defendant does not contend that evidence supporting the indictment is false. Indeed, by relying upon the analysis in the lab report, defendant necessarily

---

* Subsequent to the transactions involved in this case, the class D felony of criminal sale of a controlled substance in the sixth degree has been redesignated as criminal sale of a controlled substance in the fifth degree (L 1979, ch 410, § 16).

concedes the report's accuracy. Nor is there any proof that the prosecutor or the trial court had even an inkling that the tablets sold by defendant, while containing phenobarbital, a controlled substance (Public Health Law, § 3306, schedule IV), consisted of a compound specifically excepted from the definition of a controlled substance. Under these circumstances, we see no basis for vacating the judgment of conviction on any of the grounds enumerated in CPL 440.10 (subd 1). ¶ Order affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.